IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNETH WARD, et al.,

        Plaintiffs,

v.                            CIVIL ACTION NO. 2:22-cv-00397

AMERICAN LIFE INSURANCE COMPANY,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant American Income Life Insurance Company's ("AILIC") Motion to Dismiss Counts II, III, and IV of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. [ECF No. 5]. For the reasons stated herein, AILIC's motion is **GRANTED in part** and **DENIED in part**.

I. Background

On January 13, 2004, Kristi Steele purchased a life insurance policy from AILIC. [ECF No. 1-1, ¶¶ 4–5]. The policy named her parents, Plaintiffs Kenneth and Shawnee Ward, as the beneficiaries. *Id.* ¶ 2. Ms. Steele passed away on December 7, 2021. *Id.* ¶ 6. On April 30, 2022, Plaintiffs received a letter from AILIC offering its condolences and a check in the amount of $2.38 as a premium refund. *Id.* ¶ 7. However, Plaintiffs never received the life insurance proceeds under Ms. Steele's policy. *Id.* ¶ 8. Accordingly, on August 18, 2022, Plaintiffs filed their Complaint

against AILIC in the Mingo County Circuit Court. *Id.* at 3. In their Complaint, Plaintiffs assert four claims against AILIC: Claim for Policy Proceeds (Count I); Bad Faith (Count II); Unfair Claim Settlement Practices (Count III); and Actual Malice (Count IV). *Id.* at 4–5.

On September 15, 2022, AILIC removed the case to this court based on diversity jurisdiction. [ECF No. 1]. On October 11, 2022, AILIC filed its Motion to Dismiss. [ECF No. 5]. Plaintiffs filed an untimely response on November 10, 2022. [ECF No. 9]. AILIC filed its reply on November 16, 2022. [ECF No. 10].

## II. Objection to Untimely Response

As previously stated, AILIC filed its Motion to Dismiss on October 11, 2022. [ECF No. 5]. Local Rule of Civil Procedure 7.1(a)(7) provides that any "response to [a] motion[] shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion." Plaintiffs' counsel was served electronically on October 11, 2022, and thus any response to AILIC's motion was due by October 25, 2022. Plaintiffs, however, did not file a response until November 10, 2022. [ECF No. 9]. AILIC's reply comments on Plaintiffs' untimely response and states that the response "should be stricken from the record." [ECF No. 10, at 1]. I will construe AILIC's request as a motion to strike Plaintiffs' response.

This district routinely grants motions to strike untimely responses when the late filer "did not seek leave of the Court prior to filing [the] response" and "did not assert any statement of good cause, excusable neglect[,] or other explanation to

2

support [the] untimely submission." *Watson v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 5:13-cv-01939, 2013 WL 2000267, at *2 (S.D.W. Va. May 13, 2013); *see also In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:13-cv-19979, 2018 WL 279992, at *2 (S.D.W. Va. Jan. 3, 2018); *Pearson v. Prichard's Excavating & Mobile Home Transp.*, No. 3:13-cv-19629, 2014 WL 534221, at *1 n.5 (S.D.W. Va. Feb. 10, 2014).

Here, Plaintiffs filed their response more than two weeks after they were served with AILIC's motion. They did not seek leave from the court to file their late response nor did they acknowledge or give any explanation at all for their untimely filing. As a result, the court **ORDERS** that Plaintiffs' response to AILIC's Motion to Dismiss be **STRICKEN** from the record. I will not consider the untimely response in ruling on the pending Motion to Dismiss.

### III. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## IV. Discussion

AILIC moves to dismiss Plaintiffs' claims of Bad Faith (Count II), Unfair Claim Settlement Practices (Count III), and Actual Malice (Count IV). [ECF No. 5]. I will address each claim in turn.

### A. Bad Faith

Under West Virginia law, a first-party insured[1] may bring a common law bad faith claim against his or her insurer once the underlying breach of contract claim

---

[1] The Supreme Court of Appeals of West Virginia has held that "[u]pon the death of the insured, a primary beneficiary of a life insurance policy has standing to bring a statutory bad faith claim against the insurer." Syl. Pt. 3, *Goff v. Penn Mut. Life Ins. Co.*, 729 S.E.2d 890, 891 (W. Va. 2012). When bringing this type of suit, "the beneficiary stands in the shoes of the insured in asserting a first-party type of statutory bad faith action." *Id.* at 896. The court explained that an individual procures life insurance to provide financial security to the beneficiary and that absent the beneficiary's recovery, insurance companies may "escape accountability with [respect] to the payment of life insurance benefits." *Id.* Here, Count II of the Complaint asserts a claim of common law bad faith as opposed to statutory bad faith. AILIC has not contested Plaintiffs' standing to bring a common law bad faith action. Moreover, the court's reasoning in *Goff*, conferring a beneficiary standing to assert a statutory bad faith claim, appears relevant to the issue of whether a beneficiary may also assert a common law bad faith claim. Like the situation in *Goff*, Plaintiffs are third parties with respect to Ms. Steele's life insurance policy; however, "that fact alone does not alter the nature of the contract itself." *Id.* at 895. The contract that Plaintiffs seek to enforce is a first-party contract between an insured (Ms. Steele) and an insurer (AILIC). *See id.* at 895–96. Because the circumstances between a beneficiary asserting a claim of common law bad faith are substantially similar to a beneficiary asserting a claim of statutory bad faith, the court considers Plaintiffs to stand in the place of Ms. Steele in asserting their common law bad faith claim.

4

has been resolved. *See Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80 (W. Va. 1986). To prevail on a claim of bad faith,[2] an insured plaintiff must establish that (1) "the insurer had a duty to settle . . . on a claim for which the insured was legally entitled to recover," (2) "the insurer declined to settle," (3) "the insured was required to sue," and (4) the insured "substantially prevailed" on the underlying contract action. *Jordache Enters., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 513 S.E.2d 692, 712 (W. Va. 1998) (quoting *Marshall v. Saseen*, 450 S.E.2d 791, 797 (W. Va. 1994)). If the plaintiff can make this showing, then the insurer is "liable for not just the verdict but also for attorney[s'] fees and incidental damages." *Id.*

To survive a motion to dismiss a claim of bad faith, a complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft*, 556 U.S. at 678. A complaint devoid of factual allegations cannot proceed. Here, Plaintiffs allege in their Complaint that they "are the beneficiaries of the whole life insurance contract of their daughter," who passed away on December 7, 2021. [ECF No. 1-1, ¶¶ 2, 6]. Plaintiffs state that from on or about April 30, 2022 to the filing of their Complaint on August 18, 2022, AILIC had not "pa[id] or formally den[ied] the Plaintiffs['] claim for whole life insurance benefits pursuant to [their daughter's] policy." *Id.* ¶¶ 7–8, 14. Accepting

---

[2] The Supreme Court of Appeals of West Virginia as well as this court frequently refers to claims brought under *Hayseeds* for attorneys' fees and other consequential damages as "bad faith" claims. I recognize that the term "bad faith" is a misnomer in the current context, as a plaintiff may recover *Hayseeds* damages regardless of whether an insurer's refusal to pay was made in good faith or bad faith. *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 79 (W. Va. 1986). Indeed, a plaintiff is entitled to *Hayseeds* damages whenever an insurer breaches its contract with its insured by refusing to pay a claim and as a result, the insured must sue the insurer and then "substantially prevails in the action." *Id.* at 74, 79–80. Nevertheless, because the term "bad faith" is widely used by the courts to refer to a claim under *Hayseeds*, I will use the term for the purpose of consistency.

these allegations as true and drawing all reasonable inferences in Plaintiffs' favor, I find that the Complaint contains the minimum facts necessary to support the Plaintiffs' bad faith claim. AILIC's Motion to Dismiss Count II is **DENIED**.

### B. Unfair Claim Settlement Practices

AILIC contends that the Complaint fails to state a claim for violations of the West Virginia Unfair Trade Practices Act ("UTPA"). The purpose of the UTPA "is to regulate trade practices in the business of insurance," by prohibiting the use of all "unfair or deceptive acts." W. Va. Code § 33-11-1 (2022). As relevant to this case, subsection 33-11-4(9) of the UTPA prohibits any insurer from using the settlement practices listed "with such frequency as to indicate a general business practice." To bring a claim for an alleged violation of subsection 33-11-4(9), a plaintiff must show "[m]ore than a single isolated violation of [the UTPA's prohibitions]." Syl. Pt. 3, *Jenkins v. J.C. Penney Cas. Ins. Co.*, 280 S.E.2d 252, 253 (W. Va. 1981), *overruled on other grounds by State ex rel. State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721 (W. Va. 1994). Where a plaintiff files a lawsuit based on an insurance company's conduct while handling a single insurance claim, "multiple violations of [the UTPA's prohibitions], occurring [during the course of that] claim [may] be sufficient" to maintain a cause of action if "the violations arise from separate, discrete acts or omissions in the claim settlement [process]." *Id.* at 260; Syl. Pt. 4, *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1, 3 (W. Va. 1996).

Here, Plaintiffs' Complaint fails to sufficiently allege that AILIC engaged in a "general business practice" of unfair claim settlement in violation of the UTPA. The Complaint contains no facts demonstrating that AILIC has engaged in a pattern or practice of violating the unfair settlement practice provision of the UTPA, nor have Plaintiffs provided any facts showing a series of "separate [and] discrete" violations of the UTPA while AILIC processed Plaintiffs' individual claim. Plaintiffs solely allege that AILIC "failed to effectuate a prompt, fair and equitable settlement of the [P]laintiffs' claim for policy proceeds," an allegation which at most demonstrates a single violation of the UTPA. [ECF No. 1-1, ¶ 16]. As previously explained, an allegation that an insurer committed an isolated violation of the UTPA is insufficient to state a plausible claim for relief under the statute. AILIC's Motion to Dismiss Count III is **GRANTED**.

### C. Actual Malice

AILIC seeks to dismiss Plaintiffs' claim of Actual Malice. The Supreme Court of Appeals of West Virginia has held that:

> [w]here an insured asserts a first-party claim against his or her insurance carrier for unfair claim settlement practices under W. Va. Code § 33-11-4(9) [1985], punitive damages shall not be awarded against the insurer unless the policyholder can establish a high threshold of actual malice in the settlement process. By "actual malice" [the court] mean[s] that the insurance company actually knew that the policyholder's claim was proper, but willfully, maliciously and intentionally utilized an unfair business practice in settling, or failing to settle, the insured's claim.

Syl. Pt. 2, *McCormick v. Allstate Ins. Co.*, 505 S.E.2d 454, 455 (W. Va. 1998).

Plaintiffs' Complaint fails to meet this high threshold. The Complaint states that AILIC's "conduct rises to the level of malice because the [D]efendant . . . refused to pay the [P]laintiffs' claim *when a reasonably prudent insurance company would have recognized its legal obligation to do so.*" [ECF No. 1-1, ¶ 20 (emphasis added)]. This allegation is insufficient to state a claim for actual malice. At most, Plaintiffs' allegation demonstrates that AILIC acted negligently during the settlement process. *See* Restatement (Third) of Torts § 3 cmt. h (Am. L. Inst. 2012) (defining negligence as "the failure to do something which a reasonably careful person would [have done]" (quoting *Scully v. Middleton*, 751 S.W.2d 5, 5 (Ark. 1988))). Mere negligence does not equate to actual malice. *See Hayseeds, Inc.*, 352 S.E.2d at 81 ("Unless the policyholder is able to introduce evidence of intentional injury—not negligence, lack of judgment, incompetence, or bureaucratic confusion—the issue of punitive damages should not be submitted to the jury."). Accordingly, AILIC's Motion to Dismiss Count IV is **GRANTED**.

V. Conclusion

For the foregoing reasons, AILIC's Motion to Dismiss [ECF No. 5] is **GRANTED in part** and **DENIED in part**. Plaintiffs' claims under the UTPA (Count III) and for Actual Malice (Count IV) are **DISMISSED**. Plaintiffs' claim of Bad Faith (Count II) remains pending against AILIC.[3] The court further **ORDERS** that

---

[3] The Complaint also asserts a Claim for Policy Proceeds (Count I). AILIC did not move to dismiss this count, and thus the claim remains pending.

Plaintiffs' response to AILIC's Motion to Dismiss [ECF No. 9] be **STRICKEN** from the record.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 20, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE